[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
September 9, 2005
**THOMAS K. KAHN**
**CLERK**

No. 05-10908
Non-Argument Calendar

_____

Agency No. A78-502-897

CHUANHUA ZHENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 9, 2005)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Zheng is a native and citizen of China.  He arrived in Charlotte,

North Carolina on December 23, 2002, and the Immigration and Naturalization Service subsequently determined that he was inadmissible. On February 5, 2002, he applied for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture ("CAT"). In his application he claimed that he had been beaten several times as a result of his practice of the Falun Gong philosophy. He also claimed fear of persecution if returned to China.

An Immigration Judge ("IJ") held a merits hearing on Petitioner's application on July 16, 2003. At the hearing, Petitioner withdrew his application for asylum and withholding of removal, and sought only CAT relief. He testified that if returned to China, he would be persecuted by the Chinese government for leaving the country. He claimed that he would be sent to prison where he would be beaten and deprived of food. On questioning by the IJ, Petitioner stated that he would be mistreated if returned to China because he used a "snakehead" to leave the country. The snakehead told him to claim asylum (on arriving in the United States) based on Falun Gong, although it would not be a truthful claim.

At the conclusion of the hearing, the IJ denied Petitioner's application for CAT protection. The IJ found that Petitioner failed to meet his burden of establishing that it was more likely than not that he would be tortured upon his

2

return to China,[1] and that even if he were detained, there was no evidence that such detention would be used to torture him.

On August 1, 2003, Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On November 8, 2004, the BIA affirmed the decision without opinion, and on December 6, 2004, denied Petitioner's motion for reconsideration. Petitioner now seeks this court's review of that decision.

Petitioner contends that the IJ improperly applied In re J- E-, 23 I. & N. Dec. 291 (BIA 2002), because in this case (1) torture is widespread in China, (2) torture is used as a matter of policy, (3) meaningful international oversight is lacking in China, and (4) torture is a pattern and practice in China, rather than an "isolated incident of mistreatment." He says further that the IJ erred by ignoring (1) descriptions in the record of widespread torture in China, and (2) his testimony regarding his fear of torture if removed to China.

Petitioner then argues that the IJ's decision denying CAT relief was not supported by substantial evidence because (1) the IJ ignored evidence in the record that was inconsistent with his findings but favorable to Petitioner, including the fact that first-time returnees to China are often given three months of incarceration and detainees are often interrogated and tortured; (2) the IJ ignored evidence that

---

[1] In fact, Petitioner provided the IJ with no evidence concerning specific threats against him or that he had been tortured in the past.

China is a repressive regime and will ignore its own law and international law to suit its own purposes; and (3) the country reports the IJ relied on were of questionable credibility. He contends that the IJ overlooked evidence that torture was pervasive and widespread in China, evidence of China's flagrant violations of human rights, and his testimony regarding his fear of torture if removed to China. He concludes that this evidence established his eligibility for CAT relief.

As an initial matter, we lack jurisdiction to consider Petitioner's issues and arguments regarding the merits of his CAT relief claim. Under § 242(a)(1), (b)(1) of the INA, a petitioner has 30 days from the date of the final order of removal to seek review in this court. 8 U.S.C. § 1252(a)(1), (b)(1). Petitioner failed to meet this deadline by filing his petition for review with this court on February 22, 2005, over three months from the issuance of the final order of removal on November 8, 2004. Since the statutory limit for filing a petition for review in an immigration proceeding is "mandatory and jurisdictional," it is not subject to equitable tolling. See Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995) (construing the former 90-day period for filing a petition for review under the INA § 106(a)(1), 8 U.S.C. § 1105a(a)). Furthermore, the filing deadline is not suspended or tolled by the fact that Petitioner moved the BIA to reconsider its decision 30 days after it issued the final order of removal. Id. at 395, 115 S.Ct. at 1544-45. Therefore, we do not have jurisdiction to review Petitioner's claim as it

4

relates to the final order of removal, and we dismiss the petition to the extent that Petitioner challenges the BIA's order affirming the IJ's removal order.

Turning to the motion for reconsideration, "[w]e review the BIA's denial of a motion to reconsider for abuse of discretion." Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir.2003) (citation omitted).

A "motion [for reconsideration] shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C) (2005). Motions to reconsider are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992) (discussing motions to reopen). "A motion to reconsider asserts that at the time of the Board's previous decision an error was made." Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 90 (2d Cir.2001) (citation omitted). When the BIA reconsiders one of its prior decisions, "it takes itself back in time and looks at the case as though a decision had never been entered. Thus, if it grants the motion, the Board considers the case anew as it existed at the time of the original decision." Id.

5

The BIA did not abuse its discretion by denying Petitioner's motion for reconsideration. The substance of the motion consisted of arguments that were or could have been raised in Petitioner's initial brief to the BIA. Additionally, Petitioner has not shown that the BIA did not consider the evidence he claims it overlooked. Therefore, the BIA did not abuse its discretion by denying the motion for reconsideration, and we deny the petition to the extent it challenges that ruling.

PETITION DISMISSED, in part, and DENIED, in part.